UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
JOSHUA ADAMS,

                                                                          Civ. Case No.: 22-cv-07004 (RA)

                        Plaintiffs,

      -against -                                                           **ANSWER**

GOPHER GROUP LLC and
DELICE & SARRASIN LLC,

                        Defendants.
-------------------------------------------------------------------------X

      Defendant Delice & Sarrasin LLC, ("Delice & Sarrasin"), by and through their attorneys, L & D Law P.C., as and for their Answer to the Amended Complaint ("Complaint") filed by Joshua Adams, hereby state as follows:

## ANSWER

1. Paragraph 1 of the Complaint contains Plaintiff's statement of the nature of Plaintiff's claim and statements and/or conclusions of law to which no response is required. To the extend a response is required, Defendant denies each and every allegation contained in Paragraph 1 of the Complaint.

2. Defendant denies knowledge of information sufficient to forma belief as to the truth of the allegations contained in Paragraph to of the Complaint.

3. Defendant denies each and every allegation contained in Paragraph 3 of the Complaint.

4. Defendant admits Paragraph 4 of the Complaint.

5. Defendant denies each and every allegation contained in Paragraph 5 of the Complaint.

6. Defendant denies each and every allegation contained in Paragraph 6 of the Complaint.

7. Defendant denies each and every allegation contained in Paragraph 7 of the Complaint.

8. Defendant denies each and every allegation contained in Paragraph 8 of the Complaint.

9. Defendant denies each and every allegation contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegation contained in Paragraph 10 that "all events giving rise to the lawsuit occurred in the State of New York" but admits that Defendant's premises is location in the Southern District.

11. Defendant denies each and every allegation contained in Paragraph 11 of the Complaint.

12. Defendant denies each and every allegation contained in Paragraph 12 of the Complaint.

13. Defendant denies each and every allegation contained in Paragraph 13 of the Complaint.

14. Defendant denies each and every allegation contained in Paragraph 14 of the Complaint.

15. Defendant denies each and every allegation contained in Paragraph 15 of the Complaint.

16. Defendant denies each and every allegation contained in Paragraph 16 of the Complaint.

17. Defendant denies each and every allegation contained in Paragraph 17 of the Complaint.

18. Defendant denies each and every allegation contained in Paragraph 18 of the Complaint.

19. Defendant denies each and every allegation contained in Paragraph 19 of the Complaint.

20. Plaintiff's Wherefore clause asks for relief and does not require a response, but to the extend Defendant can response, Defendant denies each and every allegation in Plaintiff's Wherefore clause, including the relief requested in the Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR THE FIRST AFFIRMATIVE DEFENSE

21. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted or upon which damages can be sought under the ADA. The Complaint simply parrots the law and does not list causes of action for which the Plaintiff can make a claim.

### AS AND FOR THE SECOND AFFIRMATIVE DEFENSE

22. Plaintiff lacks standing because Plaintiff was not deterred from visiting the premises, nor can Plaintiff establish intent to visit the premises in the future.

### AS AND FOR THE THIRD AFFIRMATIVE DEFENSE

23. The Plaintiff's claims are barred by the statute of limitations because Plaintiff did not visit, nor was deterred from visiting with the two years before the Complaint was filed.

### AS AND FOR THE FOURTH AFFIRMATIVE DEFENSE

24. The facility was first occupied before January 26, 1993, is a landmark building, and removal of the alleged barriers is not readily achievable.

### AS AND FOR THE FIFTH AFFIRMATIVE DEFENSE

25. Defendant provided adequate access to its business to persons with disabilities by using methods such as customer service.

### AS AND FOR THE SIXTH AFFIRMATIVE DEFENSE

26. Plaintiff's requested modifications to the business would pose an undue burden on the Defendant.

### AS AND FOR THE SEVENTH AFFIRMATIVE DEFENSE

27. Plaintiff's requested modifications would fundamentally alter the services and facilities.

### AS AND FOR THE EIGHTH AFFIRMATIVE DEFENSE

28. To the extent Plaintiff suffered any harm and may be entitled to damages, both of which Defendant denies, a third party is liable for indemnity and/or contribution.

### AS AND FOR THE NINTH AFFIRMATIVE DEFENSE

29. Plaintiff failed to join a necessary party, 20 Christopher Street LLC, owned by the Nazarian Property group.

### AS AND FOR THE TENTH AFFIRMATIVE DEFENSE

30. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel and/or unclean hands.


**Under Rule 13 of the Federal Rules of Civil Procedure, Defendant alleges the following counterclaim against Plaintiff which arise out of the same transaction or occurrence that is the subject matter of the opposing party's claim; and does not require adding another party whom the Court cannot acquire jurisdiction.**

### AS AND FOR THE FIRST COUNTERCLAIM AGAINST JOSHUA ADAMS
### (Abuse of Process)

31. Defendant (Plaintiff for the purposes of counterclaims) allege that Joshua Adams filing of a civil complaint against Defendant with the knowledge that those allegations are entirely false and inaccurate, for the sole purposes of extorting money or other financial gain from the Defendant, constitutes abuse of process against the Defendant.

32. By reason of the foregoing, Defendant was injured in their reputation, and Defendant's owner suffered great pain and mental anguish, as well as other damages, including legal

fees to defend against claims for which the Plaintiff lacks standing and claims that are false and frivolous.

## JURY DEMAND

Defendant respectfully requests trial by jury for all counterclaims.

**WHEREFORE**, Defendant requests judgment be entered against Plaintiff, dismissing the Complaint in its entirety and granting Defendant such other and further relief as the Court may deem necessary and proper.

Dated: January 11, 2023
New York, New York

**L & D LAW P.C**

By: ___/s/_____

Paul Liggieri, Esq.
*Attorneys for Defendants Delice & Sarrasin*
11 Broadway, Suite 615
New York, NY 10004
(212) 374-9786

Cc: Maria-Constanza Barducci
   *Attorneys for Plaintiff*
   Barducci Law Firm, PLLC
   *Via ECF and Email*